OPINION
Defendant-appellant, Keith Loop, appeals his conviction for speeding in violation of R.C. 4511.21(D)(2).
In his first assignment of error, appellant claims that the complaint was defective.[1] Appellant essentially claims that the complaint was defective because the Ohio Uniform Traffic Ticket issued to appellant was not verified by a sufficient affidavit and was not issued by a prosecuting attorney. These arguments and others presented by appellant under this assignment have been previously addressed and rejected both by this and other appellate courts throughout Ohio. See State v. Gibson (June 19, 1995), Clermont App. No. CA95-02-014, unreported; State v. Tate
(Apr. 20, 1999), Franklin App. No. 98AP-759, unreported; State v.Morgan (Sept. 13, 1996), Montgomery App. No. 15351, unreported; and State v. Douglas (Nov. 1, 1993), Ashland App. No. CA-1044, unreported. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant claims he was not informed of the nature of the charge against him. This assignment is based upon appellant's assertion that the state failed to respond to his request for a bill of particulars. We find no merit to this contention. In response to appellant's request, the state filed a bill of particulars with the trial court on September 28, 1998 and served a copy on appellant. For this reason, appellant's second assignment of error is overruled.
Appellant's third assignment of error claims the trial court lacked subject matter jurisdiction. The Ohio Uniform Traffic Ticket charged appellant with a violation of R.C. 4511.21 and was therefore sufficient to invoke the trial court's jurisdiction. See State v. Tate. On this basis, appellant's third assignment of error is overruled.
Appellant's fourth, fifth, and sixth assignments of error all focus on his claim that the Revised Code section under which he was convicted was invalid since there was no "enacting clause" in the legislation. In the same vein, the seventh assignment of error claims the law was invalid because it did not have a "title." Similar arguments on legislative enacting clauses were rejected by the court in Tate. That same analysis defeats appellant's position regarding the absence of a title. Accordingly, appellant's fourth, fifth, sixth, and seventh assignments of error are overruled.
The eighth assignment of error submits that the Revised Code is of an "unknown and uncertain authority." Again, a similar argument was rejected in Tate. For the same reasons expressed by the Tate court, we hereby overrule appellant's eighth assignment of error.
In his ninth assignment of error, appellant claims that R.C.4511.21 is unconstitutional for noncompliance with several provisions of Article II of the Ohio Constitution. Based upon our rulings on appellant's previous assignments of error, many of which incorporate the same arguments as raised in this assignment of error, we find no merit to the ninth assignment of error and overrule the same.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] We note that in many respects, too numerous to mention herein, appellant's "brief" fails to comply with the Appellate and Local Rules of Procedure. One such defect is the absence of any assignments of error as mandated by App.R. 16(A)(3) and Loc.R. 11(B)(3). Accordingly, we will address what we construe to be the "assignments of error" as raised in appellant's brief.